IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Simons, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 6605 |
| United Recovery Systems, LP, a Texas limited partnership, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Patricia Simons, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Patricia Simons ("Simons"), is a citizen of the State of Minnesota, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.	Defendant, United Recovery Systems, LP ("URS"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Texas, Oklahoma and Arizona, Defendant URS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant URS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.	Defendant URS is authorized to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, URS conducts business in Illinois.

6.	Moreover, Defendant URS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, URS acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.	Ms. Simons is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Capital One credit card. When Defendant URS began trying to collect this debt from Ms. Simons, by sending her collection letters dated January 10, 2011 and February 9, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant URS's collection actions. Copies of Defendant's letters are attached as Group Exhibit C.

8.	Accordingly, on February 18, 2011, one of Ms. Simons' attorneys at

LASPD informed URS, in writing, that Ms. Simons was represented by counsel, and directed URS to cease contacting her, and to cease all further collection activities because Ms. Simons was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant URS called Ms. Simons to try and collect the Capital One debt, including, but not limited to, phone calls on June 1, 2011, from telephone number 320-305-6904, and June 3, 2011, from telephone number 320-434-2170.

10. Accordingly, on July 26, 2011, one of Ms. Simons' LASPD attorneys had to write to Defendant URS again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant URS's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant URS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

3

refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Simons', agent, LASPD, told Defendant URS to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendant URS violated § 1692c(c) of the FDCPA.

16. Defendant URS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant URS knew that Ms. Simons was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant URS to cease directly communicating with her. By directly calling Ms. Simons, despite being advised that she was represented by counsel, Defendant URS violated § 1692c(a)(2) of the FDCPA.

20. Defendant URS's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Patricia Simons prays that this Court:

1. Find that Defendant URS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Simons, and against Defendant URS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Patricia Simons, demands trial by jury.

                                          Patricia Simons,

                                          By: /s/ David J. Philipps
                                          One of Plaintiff's Attorneys

Dated: September 21, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com